229 A.2d 854.

OUR LADY OF MERCY, GREENWICH, RHODE ISLAND *vs.*
ZONING BOARD OF REVIEW OF THE TOWN OF
EAST GREENWICH.

MAY 29, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher. JJ.

270

POWERS, J. This is a petition for a writ of certiorari which seeks to reverse a decision of the respondent board of review denying an application for a special exception to the terms of the local zoning ordinance. The writ issued and in compliance with its mandate the respondent board duly certified the pertinent record of their proceedings to this court for our examination.

They establish that petitioner, an incorporated Roman Catholic church, is the owner of a 35,000 square foot tract of land, fronting 200 feet on Main street in the town of East Greenwich and otherwise identified as lots 106 and 107 on assessor's plat 3. The property has been dedicated to religious and related uses for more than 70 years. It presently includes four structures, namely, a church, rectory, assembly hall and garage all of which in the past have been essential to the needs of the parish.

However, in or prior to February, 1965, petitioner completed the construction of a new church and accessory buildings in another section of the parish and since that time the church and other buildings on said lots 106 and 107 have not been in use. As a consequence, vandalism and the elements are taking their natural courses.

At or about the time that petitioner and its parishioners moved into their new facilities, the availability for purchase of the two lots and the four buildings was duly publicized,

but no bona fide or responsible offers were made by local interests.

The property is located in a CD (Commercial Downtown) zone which permits of many uses. Under art. II, sec. 7, of the local ordinance the permitted uses include amusement parks, bowling alleys, pool halls, dance halls, night clubs, roller skating rinks and outdoor or drive-in theaters. Other sections of art. II permit such commercial uses as office buildings and retail stores. It appears further that gasoline service stations are not permitted uses per se in any district, but may be permitted as special exceptions only in CD and CH (Commercial Highway) zones.

After almost a year of sustained but unsuccessful efforts to sell the tract consisting of lots 106 and 107 to anyone interested in devoting it to a permitted use, petitioner accepted an offer from the Rhode Island Oil Company, local distributors for the Phillips 66 products in Rhode Island and part of Massachusetts. The sale of the property, however, was conditioned on a grant by respondent board of review of a special exception so as to permit construction and maintenance of a 3-bay concrete block service station with canopy and two pump islands.

The petitioner made application for such special exception as authorized by art. II, sec. 6, and pursuant to art. VIII of the ordinance. Section 1 of this latter provision places on an applicant for a special exception the burden of showing to the satisfaction of the board " * * * that the public convenience and welfare will be served and that the appropriate use of neighboring property will not be substantially or permanently injured if the exception is granted."

Notice of said application was duly given and a public hearing held. The petitioner offered oral and documentary evidence which was competent to establish what in *Goldstein* v. *Zoning Board of Review*, 101 R. I. 728, 227 A.2d

195, we referred to as a prima facie case. However, individuals testifying on their own behalf or as representatives of such organizations as the chamber of commerce, voiced opposition to the exception; letters to the same effect from the East Greenwich planning board, the development commission, the conservation commission and the Reva Realty Corporation were read into the record.

After receiving such evidence as petitioner and remonstrants cared to offer, respondent board recessed to consider the application in the light of the record before it. Following such consideration, the acting chairman announced that three members of the board favored granting the exception sought, but that two members had voted to deny it. Since by the provisions of G. L. 1956, §45-24-19, the concurring vote of four members was required for favorable action, the acting chairman announced that the application had been denied. In explanation thereof, he stated, " * * * The three voting for are satisfied that their burden that it is on the applicant for proof of the satisfaction of the board for public convenience and welfare will be served. The two that voted against are not convinced that the applicant has proven that the convenience and welfare will be served, and that is the gist of it."

Omitting only the recorded votes of the individual board members, the quoted language is a full recital of the board's decision. However discerningly read, it points to no evidence and includes no findings on which it can be supported. It rests on the simple assertion by two board members that they were not convinced that petitioner had satisfied its burden of establishing that the special exception, if granted, would serve the public convenience and welfare. We think such a naked assertion, unrelated to an ultimate fact established by competent evidence, is insufficient in law to sustain a negative finding where, as here, the record is replete with evidence offered by objectors

which is either incompetent or lacking in expertise. See *Noyes* v. *Zoning Board of Review*, 94 R. I. 15.

The chamber of commerce, the planning board, the development commission and the conservation commission, along with several individual objectors, gave it as their opinions that the granting of the exception would not be in the best interest of East Greenwich. In *Bergson Co.* v. *Zoning Board of Review*, 91 R. I. 134, this court held that in considering an application for a variance a board of review may not be motivated by what in their opinion is best for the community, and that rule applies with equal force where the application is one for a special exception.

Further, these same objectors and others gave it as their opinions that there were already enough gasoline stations in the town and that another was not needed. Zoning is not intended to regulate competition, however, and while we recognize that such opinions would have validity if presented as factual testimony from which it might be found that the additional station requested would not benefit the community as contemplated by the requirements of "public convenience and welfare," such opinions, unsupported by a reference to the facts on which they are based, are without probative force. See *Richardson* v. *Zoning Board of Review*, 101 R. I. 194, 221 A.2d 460.

Again it was the opinions of some remonstrants that the special exception, if granted, would increase traffic hazards and decrease the value of neighboring property, but these were the opinions of laymen and lacked that expertise which, to make such opinions competent evidence, we held to be necessary in *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138.

In *D'Acchioli* v. *Zoning Board of Review*, 74 R. I. 327, we pointed out that it was the duty of a board of review to consider all the evidence, meaning of course all the evidence that is both competent and probative, and in *Robin-*

*son* v. *Town Council*, 60 R. I. 422, at 435, we held that in considering the evidence upon which the exercise of their discretion would rest, boards of review are required to act judicially on facts lawfully ascertained. This means that in acting on an application for a special exception authorized by a zoning ordinance, a board of review must state the evidence on which it relies to the end that this court, in reviewing their decision on certiorari, can find whether such decision was based on competent evidence and was not made arbitrarily.

While we have on occasion held that where a board of review had failed to give its reasons, or omitted reference to the evidence on which it relied, we would nevertheless sustain the decision, if from our examination of the record we found competent evidence to support it. We are now clearly of the opinion that in such cases where the evidence is in conflict, this court should not speculate but rather should remand the record for clarification. See *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515. This applies with equal force to decisions granting or denying the relief sought.

Thus, in the instant case, we are unable to determine whether the board members, voting negatively or affirmatively, did so on the basis of competent evidence or on the basis of evidence that was incompetent, lacking in probative force, or both. For this reason we think that the ends of justice can only be served by remanding the cause to the respondent board for a re-examination of the record and for the purpose of reaching a decision, the reasons for which will be clearly stated.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered

remanded to the respondent board for clarification in accordance with this opinion.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for petitioner.

*A. Earl Shaw, Jr.,* Assistant Town Solicitor, for respondent.