DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review of the City of Providence (the "Board"). G. Dale Dulgarian, in his capacity as Trustee of the Krikor S. Dulgarian Trust of December 22, 1960 (the "Dulgarian Trust"), Andrew and Diane Mitrelis and the PVA Realty Trust (hereinafter referred to collectively as the "appellants") seek reversal of the Board's decision of November 16, 1999 (the "Decision"), issued in the form of two resolutions, granting the application of Stonehenge Partners, LLC and 215 Meeting Street, LLC (the "owners") for a special use permit and a dimensional variance. This Court has jurisdiction pursuant to R.I. Gen. Laws § 45-24-69.
 Facts and Travel
The owners filed an application with the Board for a special use permit and for a variance from the dimensional and parking regulations set forth in the Providence Zoning Ordinance (the "Ordinance") for the properties in question. The two properties in question are lots located near each other in the city's C-2 zoning district. One lot is on the corner of Thayer Street and Meeting Street (Lot 1), while the other lot is on Meeting Street (Lot 2).[1] The owners proposed to erect a building, estimated to contain approximately 5,302 square feet of space, on Lot 1 and to use Lot 2 as a parking lot. The owners planned to include in the proposed building a restaurant with a total area of more than 2,500 square feet, which in a C-2 district requires a special use permit. For Lot 1, the owners sought a dimensional variance from front yard, rear yard, and corner set back requirements and from off street parking requirements.[2] For Lot 2, the owners sought relief from parking aisle width, entrance and exit, and landscaping requirements.
The Board conducted a hearing on the applications on September 28, 1999. At the hearing, the Board heard expert testimony from several witnesses. Ms. Kathleen Bartels, an architect, gave testimony concerning the demolition of the existing building on the property and the design of the new building. Zoning Board of Review Resolution No. 8333 (Resolution 8333) at page 2. Mr. Robert Brown, a traffic engineer, testified that the corner setback dimensional relief requested by the owners would not negatively impact traffic in the area. He also testified that the proposed six parking spaces for the project were sufficient, and that the amount of new traffic generated by the project would be "negligible or miniscule [sic]." Resolution 8333 at page 2. Mr. James Sloan, a real estate expert, testified that the proposed project would upgrade the property in question and that it would not cause a diminution in the value of the surrounding properties. Resolution 8333 at page 2. Mr. Sloan also testified that Lot 2 cannot easily be developed and that he "could not envision" the creation of a parking lot causing a diminution in value for the surrounding properties. Resolution 8333 at page 3. Concerning Lot 2, the Board heard the expert testimony of Sarah Bradford, a landscape architect, who testified that relief from the landscaping requirements would not effect abutting properties because Lot 2 is surrounded on three sides by blank walls.
The Board also heard testimony from the appellants. Andrew Mitrelis, a restaurant owner in the area, testified that the proposed restaurant would be too large. Grant Dulgarian testified that the property in question has had previous variances and that the vehicular traffic on Thayer Street is congested.
On November 16, 1999, the Board issued its Decision, in the form of two resolutions, Resolution No. 8333 and Resolution No. 8334. In its Decision, the Board found that the owners clearly established by the weight of the expert testimony that the proposed use of the property would upgrade the surrounding area. Resolution No. 8333 at page 3. The Board further concluded that the owners met their burden of proof for the granting of a special use permit and relief from the dimensional regulations of the Ordinance. Resolution No. 8333 at page 4.
On December 1, 1999, the Dulgarian Trust timely filed an appeal of the Decision (C.A. No. 99-6115). On December 3, 1999, Andrew and Diane Mitrelis and PVA Realty Trust timely appealed the Decision (C.A. No. 99-6160). On appeal, the appellants argue that the Decision was arbitrary and capricious. Specifically, the appellants argue that a special use permit and a dimensional variance are not allowed to be granted in the same petition. Furthermore, the appellants argue that the owners did not meet their burden of demonstrating a sufficient amount of hardship to justify the granting of dimensional and parking variances. These appeals have been consolidated for decision by this Court, by order entered on April 25, 2000.
 Standard of Review
The standard of review for this Court's appellate consideration of the Decision is outlined in R.I. Gen. Laws § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v. Zoning Bd.of Review, 594 A.2d 878, 880 (R.I. 1991)(citing DeStefano v. Zoning Bd.of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979));Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board is to weigh evidence, with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in: the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quotingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Special Use Permit
Originally, the owners applied for a special use permit as well as a dimensional variance. The owners applied for the special use permit because in the C-2 zoning district, a restaurant containing over 2,500 square feet, which the owners originally believed described the size of their proposed restaurant, requires such a permit. The appellants argue that according to our Supreme Court's holding in Newton v. Zoning Boardof Warwick, 713 A.2d 239 (R.I. 1998), a zoning board cannot grant a dimensional variance and a special use permit in the same application.
Subsequent to the Board's granting of the special use permit, however, and cognizant of this Newton issue, the owners re-measured the proposed space for the restaurant. The owners determined, based on the new measurements, that the restaurant would require only approximately 2,480 square feet. The owners argue that according to the new measurement, a special use permit is no longer required. They contend, therefore, that there is no longer a Newton issue concerning the granting of a dimensional variance and a special use permit in the same application for zoning relief. The owners urge this Court to confine its consideration of these appeals to the issue of the dimensional variance and deny and dismiss the appellants' appeals of the granting of a special use permit on grounds of mootness.
The appellants counter that this Court should not consider evidence which demonstrates that the proposed restaurant would be smaller than 2,500 square feet, because this evidence was not part of the record originally provided to this Court pursuant to R.I. Gen. Laws §42-35-15(d). They maintain that this Court must review the record as it stands, reverse the Board's decision under Newton, and leave it to the Board to consider the new evidence in a subsequent administrative proceeding.
By statute, however, this Court may consider additional evidence not included in the original record provided to the Court. R.I. Gen. Laws § 45-24-69(c).[3] This Court has the option of remanding the matter, in light of the new evidence, to the Board, or using its discretion in considering the new evidence. See Carbone v. Planning Bd.of Appeal of Town of South Kingstown, 702 A.2d 386, 388 n.1 (R.I. 1997). A court reviewing a zoning board's decision may take additional evidence if the evidence will aid in the fair disposition of the matter before the court. See Blum v. McGraw, 401 N.Y.S.2d 127 (1977). Remand is more properly utilized when a zoning board has not provided a complete or clear record of the proceedings below. See Our Lady of Mercy Greenwich, RhodeIsland v. Zoning Board of Review of the Town of East Greenwich,102 R.I. 269, 229 A.2d 854 (1967).
For this Court to determine whether to expand the administrative record and consider the new evidence, the new evidence itself must be examined. Here, the new evidence concerns the square footage of the proposed restaurant and whether a special use permit is required. After the re-measurement of the proposed restaurant, the architects hired by the owners have determined that the restaurant would contain only 2,478.4 square feet. Affidavit of Kathleen Bartels, dated June 8, 2000. This measurement has been accepted by the city's building inspector, as indicated in his sworn affidavit. Affidavit of Ramzi J. Loqa, Building Inspector for the City of Providence, dated June 12, 2000. The appellants have filed no counter affidavits to contest this re-measurement.
Under the Ordinance, all parties agree that the proposed restaurant requires a special use permit only if the restaurant will contain 2,500 square feet or more. Ordinance § 303 — Use Code 57.1. They further agree that based on the new measurements, no special use permit is required. Ordinance § 303 — Use Code 56.1. They disagree only on whether the new evidence should be considered by this Court in adjudicating the appeals.
It is this Court's judgment that it must consider this new evidence to fairly dispose of these matters. Were this Court to do otherwise, it would be constrained to reverse the decision of the Board based onNewton for its improper granting of a special use permit and a dimensional variance in the same zoning application and to remand the case to the Board for consideration of the new evidence. The Board presumably then would consider the new evidence and find that no special use permit is required. The case then would be returned to this Court on appeal, following the remand, to ask this Court to address the very issue of whether the Board properly granted the requested dimensional variance that is currently before this Court. As the record as to that issue would remain the same, the act of remand, rather than consideration of the relevant new evidence, would be futile and an unjustifiable waste of judicial and administrative resources.
Accordingly, this Court will exercise its discretion to expand the administrative record and accept the new evidence, which is uncontroverted, as to the square footage of the proposed restaurant. As those measurements clearly indicate that no special use permit was required with respect to the proposed restaurant, any issues underNewton with regard to the granting of that permit, raised in these appeals, are moot. The appellants' appeals from the Board's granting of the special use permit, therefore, are denied and dismissed on grounds of mootness. This Court thus will proceed to review the Board's granting of a dimensional variance.
 The Applications for Dimensional Relief
Section 45-24-31(61)(b) of the Rhode Island General Laws defines a dimensional variance as:
 "Permission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations. However, the fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
Section 902.3(A) of the Ordinance, containing the conditions for the granting of dimensional relief, states as follows:
 "In granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of this Ordinance or the Comprehensive Plan; and
 4) That the relief to be granted is the least relief necessary.
Additionally, subsection (B) of § 902.3 of the Ordinance states in pertinent part:
 "The Board shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that:
 ...
 2) In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.
Furthermore, in Viti v. Zoning Board of Review of City of Providence,92 R.I. 59, 65, 166 A.2d 211, 213 (1960), our Supreme Court held that a property owner does not have to prove a loss of all beneficial use in order to establish a right to relief from dimensional regulations.
The appellants argue that the standards set forth in § 902.3 of the Ordinance have not been met by the owners, thus precluding the Board from granting the dimensional variances. The appellants assert that the Board did not hear any testimony on the issue of hardship, and that if any hardship does exist, it was largely self-imposed by the owners. The appellants argue further that the owners did not demonstrate that razing the existing structure constitutes the least amount of relief necessary. In fact, the appellants argue, the owners are seeking only to increase their profit potential.
The owners argue that they have met their burden in demonstrating an adverse impact amounting to more than a mere inconvenience. They contend that the proposed restaurant's size would be too small to be viable if they were not granted the dimensional relief required. Furthermore, the owners argue that the appellants' argument that the current structure need not be razed is without merit.
The Board had before it the expert testimony of an architect, a landscape architect, a traffic engineer, and an expert in real estate matters. During the testimony, the Board heard that the corner setback relief for the parking area in Lot 2 would not negatively impact the area and that the proposed six parking spaces would be sufficient. The Board also heard that the requested variances for the building would merely bring the proposed restaurant in line with other restaurants in the area. Based on the expert testimony it heard, the Board found that the owners satisfied their burden of proving that dimensional relief should be granted.
The owners are not required to prove a loss of all beneficial use in order to establish a right to relief from the zoning regulations. In obtaining a dimensional variance, the owners need only demonstrate "an adverse impact amounting to more than a mere inconvenience." Felicio v.Fleury, 557 A.2d 480, 482 (R.I. 1989); Viti v. Zoning Board of Review ofCity of Providence, 92 R.I. 59, 65, 166 A.2d 211, 213 (1960).
The property in question is within a zoning district where the establishment of a restaurant smaller than 2500 square feet is a permitted use. The record contains testimonial evidence supporting the Board's finding that denial of dimensional relief would constitute more than a mere inconvenience to the owners. The owners demonstrated to the Board that if dimensional relief were denied, it would defeat operation of the proposed restaurant.
Furthermore, the owners met their burden for obtaining the parking variances requested in both applications.[4] In the application for Lot 1, the owners requested a variance to lower the amount of parking spaces required from 16 parking spaces on the site to zero. The owners requested the variance because Lot 1 is not large enough to contain both the proposed building and a parking lot. The owners clearly established that it would be more than a mere inconvenience to have to provide parking on Lot 1. In the application for Lot 2, the owners requested variances from exit and entrance requirements, minimum aisle width requirements, and landscaping requirements. The appellants objected only to the fact that the Board granted the owners a variance from the landscaping requirements. Through the expert testimony of the landscape architect, Ms. Bradford, however, the owners established that a variance from the landscape requirements would be necessary to provide an adequate parking lot on Lot 2.
This Court will not substitute its own judgment for that of the Board. R.I. Gen. Laws § 45-24-69(D). The Board had before it relevant evidence that a reasonable mind might accept as adequate to support its findings concerning dimensional relief for the proposed building as well as the parking lot. See Caswell, 424 A.2d at 647. The decision of the Board concerning dimensional relief was not arbitrary or capricious or characterized by abuse of discretion. See G.L. 1956 § 45-24-69(D)(6). That decision, therefore, must be upheld.
 Conclusion
After a review of the entire record, including documents, exhibits, transcripts, memoranda, this Court finds that the Board had competent evidence before it to grant the owners relief from the dimensional requirements of the Ordinance. Based on the new evidence concerning the measurement of the proposed restaurant, that part of the Board's decision granting a special use permit has been rendered moot. Accordingly, the Decision granting to the owners dimensional relief is affirmed, and the appeals from the Board's grant of a special use permit are denied as moot.
Counsel shall agree upon an appropriate form of order and judgment, reflective of this decision, and submit it to the Court forthwith for entry.
[1] Lot 1 is designated as Assessor's Plat 13, Lot 46. Lot 2 is designated as Assessor's Plat 10, Lot 298. Lot 2 is the parking area.
[2] The zoning ordinance calls for approximately 16 parking spaces to be provided on Lot 1. The owners proposed providing no parking spaces on Lot 1, but instead providing 6 spaces on Lot 2 for Lot 1.
[3] R.I. Gen. Laws § 45-24-69(c) states: "The review [of a zoning board decision] shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the zoning board of review and, if it shall appear to the court that additional evidence is necessary for the proper disposition of the matter, it may allow any party to the appeal to present that evidence in open court, which evidence, along with the report, shall constitute the record upon which the determination of the court shall be made."
[4] Relief from parking space requirements is considered dimensional relief. See Newton v. Zoning Board of Warwick, 713 A.2d 239, 242 (R.I. 1998).