DECISION
The plaintiffs, V.J. Berarducci and Sons, Inc. and Michael J. Berarducci, appeal from a decision of the Zoning Board of Review of the Town of Johnston ("the board"). Regrettably, because the board's decision fails to satisfy even the minimal requirements necessary for judicial review, this Court is constrained to remand this matter to the board yet again, this time so that it can clarify and complete its decision. Previously, this Court remanded this case to the board for its failure to comply with G.L. 1956 § 45-24-69(a), which provides that "[t]he zoning board of review shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies, together with other facts that may be pertinent, with the clerk of the court within thirty (30) days after being served with a copy of the complaint." Unfortunately, however, during this Court's review of the now-filed record, it has become clear that the board's decision is not susceptible of judicial review.
The board's written decision, which the board issued after it voted to deny the application without substantive discussion of its merits, provides as follows:
 "The following decision has been rendered on your petition, heard by the Zoning Board of Review of the Town of Johnston on October 25, 2001 for a request for a special exception and variance to construct a building for use as a viewing parlor for funeral services on the premises at 1810 Atwood Avenue, on Assessor's Plat 53/4, Lot 237, 44, 239. Said special exception and variance permit being required pursuant to Article III, Table III D-1, Subsection 9(3) and Subsection 14, of the Zoning Ordinance of the Town of Johnston.
 After the completion of testimony and evidence at the public hearing for which due notice was given and a record kept, and after having considered the premises and the surrounding area, the Zoning Board of Review of the Town of Johnston taking into consideration its knowledge and expertise and after taking into consideration all of the testimony at the public hearing, makes the following findings and decision:
 1. The subject property is known as Assessor's Plat 53/4, Lot 237, 44, 239 approximately 1.5 acres.
 2. The petitioner is the owner of the property.
 3. The petitioner is proposing to construct a building for use as a viewing parlor on the premises.
 4. A special exception or variance is required for the proposed use.
 5. The area surrounding the subject property contains residential use parcels.
 6. The premises in question are located in an R-20 and R-40 zone.
 Based upon the foregoing, the Board denies the petitioner's application for a special exception and variance. As to the relief requested:
 1. The granting for the special exception and variance is not comparable with the neighboring uses and will adversely effect [sic] the surrounding neighbors['] use and enjoyment of their property;
 2. The special exception and variance is not environmentally compatible with the neighboring properties and [the] protection of property values;
 3. The special exception and variance is not compatible with the orderly growth and development of the Town of Johnston, and is environmentally detrimental therewith;
 4. The board has considered the best practices and procedures to minimize the possibility of any adverse effect on any neighboring property in the Town of Johnston and the environment including but [not] limited to a consideration of soil erosion, water supply protect[ion], septic disposal, wetland protection, traffic limitation, safety and circulation;
 5. The purpose of the zoning ordinance as set forth in the comprehensive plan will not be served by said special exception and variance;
 6. The special exception and variance will not serve public convenience and welfare;
 7. The granting of special exception and variance may result in or create a condition that will be inimicable [sic] to the public health, safety, morals, and general welfare of the community.
 This petition is denied based upon the foregoing findings and circumstances. "
The six numbered "findings" are nothing more than a summary of information culled from the application and the seven numbered "reasons" are nothing more than a recitation of the Town of Johnston's special-use permit standard stated negatively. However, G.L. 1956 § 45-24-61(a) provides that "[f]ollowing a public hearing, the zoning board of review shall render a decision within a reasonable period of time [and] . . . shall include in its decision all findings of fact and conditions, showing the vote of each member participating, and the absence of a member or his or her failure to vote." Even assuming that the board rendered its decision promptly, it is otherwise lacking in content sufficient to facilitate judicial review-"[i]t is conclusional, but not factual; it recites supposed legal principles as justification for what it . . . [denies], but does not set out the supporting grounds without which there can be no justification; it utters what purport to be the preconditions to a . . . [denial] of a variation, but it does not fortify them with the prerequisite findings," Coderre v. Zoning Board of Reviewof the City of Pawtucket, 102 R.I. 327, 331, 230 A.2d 247, 249 (1967).
Our Supreme Court has long held that "`a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review,'" Bernuth v. Zoning Board of Review of the Town of New Shoreham,770 A.2d 396, 401 (2001). Judicial review of a board's decision is impossible "unless the board . . . ma[kes] factual determinations and applie[s] appropriate legal principles in such a way that a judicial body might reasonably discern the manner in which the board ha[s] resolved evidentiary conflicts," Cranston Print Works Co. v. City of Cranston,684 A.2d 689, 691 (R.I. 1996). This Court will "`neither search the record for supporting evidence nor will [it] . . . decide for [itself] what is proper in the circumstances,'" id. at 692; see also Berg v.Zoning Board of Review of the City of Warwick, 64 R.I. 290, 293,12 A.2d 225, 226 (1940) ("even though there be a stenographic or otherwise substantial report of the testimony, we do not intend to speculate as to the grounds on which such a board bases its decision"). As observed by our Supreme Court,
 "`The issue here . . . is not one of form, but the content of the decision; and what . . . must [be] decide[d] is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible.'" Irish Partnership v. Rommel, 518 A.2d 356, 358-59 (R.I. 1986).
Because the board's decision is devoid of any application of legal principle, it does not satisfy even these minimal requirements and thus is not subject to judicial review. See generally Hopf v. Board of Review ofthe City of Newport, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967) ("they should disclose the reasons upon which they base their ultimate decision because the parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt, and unnecessary delay"). Even the board admits, commendably, that "some of the grounds stated by [it] . . . in support of its denial appear conclusory."
While it is not the intent of this Court to be "unduly critical of this or any other board," Coderre, 102 R.I. at 332, 230 A.2d at 250, the Court cannot simply overlook these deficiencies. See generally IrishPartnership, 518 A.2d at 359 (noting similar problems of review in "numerous cases before this court whose records were also judged inadequate"); Our Lady of Mercy v. Zoning Board of Review of the Town ofEast Greenwich, 102 R.I. 269, 274, 229 A.2d 854, 857 (1967); but cf.Zammarelli v. Beattie, 459 A.2d 951, 953 (R.I. 1983) (court overlooks failure of board to meet the "minimal requirements" for a decision because petitioners had been before the board twice and on both occasions the board neglected or refused to meet such requirements).
For the foregoing reasons, this case is remanded to the board for the preparation of a decision containing findings of fact and conclusions of law, see Our Lady of Mercy, 102 R.I. at 274, 229 A.2d at 857 ("[w]e are now clearly of the opinion that in such cases where the evidence is in conflict, this court should not speculate but rather should remand the record for clarification"), in as expeditious a manner as is reasonable but in no event beyond 20 days after entry of this decision. The Court notes, however, that if there have been any changes in the composition of the board since the time this matter was initially heard, it will have to be reconsidered by the current board before a proper decision may be rendered, see Bellevue Shopping Center Associates v. Chase, 556 A.2d 45, 46 (R.I. 1989); Thorpe v. Zoning Board of Review of the Town of NorthKingstown, 492 A.2d 1236, 1237 (R.I. 1985), in which instance the 20-day time limit will not apply. Jurisdiction of this matter is retained with this Court, and it may be invoked within 20 days after the filing of the board's decision.