ARTHUR W. HEROUX *et ux. vs.* ZONING BOARD OF REVIEW
OF THE CITY OF PAWTUCKET.

JULY 28, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.  This is a petition for certiorari to review the decision of the zoning board of review of the city of Pawtucket denying the application of the petitioners herein for an exception or variance to permit them to use as a funeral home a large single-family residence situated at 1042 Newport avenue in a residence A district in said city. Pursuant to the writ the board certified the pertinent papers to this court.

The petition sets forth that the applicants' premises are situated on the westerly side of Newport avenue on which they measure 200.12 feet and extend from Hunts avenue on the north to Saratoga avenue on the south. They are designated as lot No. 878 on assessors' plat No. 18. This lot measures 195.31 feet on Hunts avenue and 115 feet on Saratoga avenue. The total area is 28,405 square feet.

The petitioners state in their application that Newport avenue has through the years become "more and more commercial" at this point; that the buildings and grounds in question are "elaborate"; and that because they face mill property it is unlikely that a market could be found among persons who might otherwise become purchasers of dwellings of this type. They further assert that because of the total frontage of more than 500 feet on three streets and the public need of funeral facilities, the premises would be highly appropriate for use as such a home; that the denial of an exception or variance would impose a substantial hardship on petitioners; and that the granting of the petition would not be detrimental to anyone in the area.

In such application petitioners refer to general laws 1938, chapter 342, §8 c, and the zoning ordinance of the city of Pawtucket approved February 22, 1928, chapter 312, sec. 16, subsec. (8), and they rely thereon as the authority

upon which the board should grant their application. The statute has reference to a variance, and in *Harrison* v. *Zoning Board of Review*, 74 R. I. 135, we have construed the above section of the ordinance as authorizing the granting of an exception.

The petitioners' application was heard by the respondent board on January 15, 1951 and decision was withheld. On September 17, 1953, more than two and one-half years thereafter, the board handed down its decision the pertinent language of which is as follows: "The Board took the matter under advisement, viewed the premises and after an extensive study came to the conclusion that the property may be used to better advantage than a funeral home."

It nowhere appears in the decision whether the board treated the application as one for a variance under the statute or as an exception under the ordinance. The written decision contains no statement of what the board observed when it viewed the property or of other facts known to the members of the board. Further, no findings of fact and no reasons for its decision are set forth therein. In the absence of such reasons, this court is unable to determine whether the decision under review is consistent with the exercise of reasonable discretion or whether it is an arbitrary and unreasonable exercise of the board's power. *Berg* v. *Zoning Board of Review*, 64 R. I. 290; *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515; *Cardin* v. *Zoning Board of Review*, 80 R. I. 136, 93 A.2d 304.

Ordinarily in such circumstances we would return the records to the respondent board for clarification of its decision by adding the facts and reasons relied on. This case, however, presents an unusual aspect for which we have no precedent. Since the date of the decision by the respondent board, a new charter has been adopted by the city of Pawtucket and the respondent board has been abolished. Under such charter there is substituted an entirely new board which is denominated the board of appeals and upon which has

240

been conferred the powers, duties and responsibilities of the respondent board.

For obvious reasons it would be futile therefore to return the papers. to the respondent board for clarification, and on the other hand the new board has never heard the petition. Since we are unable to determine from the record before us the basis and reasons for the decision, we are of the opinion that all the papers heretofore certified should be returned to the board of appeals, as successor to the respondent board, without prejudice however to the right of petitioners to present to the new board a petition for such relief as they may deem advisable.

The writ heretofore issued is quashed, and the papers certified to this court are ordered to be returned to the board of appeals of the city of Pawtucket as successor to the respondent board.

*Wooley, Blais & Quinn,* for petitioners.

*John F. McBurney,* Ass't City Solicitor, for respondent.