230 A.2d 247.

EMILY CODERRE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

JUNE 9, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Pawtucket granting an application for a variance and thereby permitting the construction of an ice cream manufacturing plant on an approximately 4,000-square-foot tract of unoccupied, filled land located in a residential two-family district. The board complied with the mandate of the writ and has certified the pertinent records to this court.

An extensive review of the record is unnecessary. Decisive in this case is the failure of the decision to set forth in some reasonable manner the ultimate facts upon which it is grounded. The board's neglect in this respect makes it impossible for petitioners who claim to be aggrieved by the decision to obtain a proper judicial review of the proceedings. Their right to that review is secured to them by an act of the legislature. Its mandate directs the board to keep a record which will " * * * concisely set forth such other facts as may be pertinent and material to show the

grounds of the decision appealed from * * *." G. L. 1956, §45-24-20. We have construed the act as requiring the board to set forth the ground or grounds for its decision so that we might know whether the decision on the facts bears a substantial relation to the public interest, and whether it is consistent with an exercise of reasonable discretion, or instead is an arbitrary and unreasonable exercise of the board's power. This is the teaching of *Robinson* v. *Town Council*, 60 R. I. 422, 199 A. 308. It has frequently been repeated. *Berg* v. *Zoning Board of Review*, 64 R. I. 290, 12 A.2d 225; *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515, 30 A.2d 104; *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130, 80 A.2d 156; *Heroux* v. *Zoning Board of Review*, 82 R. I. 237, 107 A.2d 303; *Bilodeau* v. *Zoning Board of Review*, 101 R. I. 73, 220 A.2d 224. It bears repetition here because zoning boards, at least in the cases which come to us for review, have sometimes been remiss in their obligation to include in their decisions definite statements of their findings of fact. This is such a case.

In Pawtucket the board apparently has prepared a standard, all-purpose form decision. It is available for use whether the application be for a variance or for an exception, and whether the result be a grant or a denial of the relief sought. Obviously, the intent is to short-cut the approved and accepted practice of preparing in each case a decision in which the facts are found and the appropriate legal principles applied. The multiple-choice in the kind and the nature of relief which the precast form offers to the board reduces the writing of the decision to a perfunctory and ministerial task. All that completion requires is the crossing out or otherwise expunging of the words "is" or "is not," "will" or "will not" and "justify" or "do not justify." Additionally, three lines are available for specific findings and for a description of what may have been seen and observed on a view. There are also, of course, the blank spaces so char-

acteristic of the all-purpose form. Here they make possible an identification of the premises, a description of the proposed use, and a recordation of the ayes and nays.

In pertinent part the form reads as follows:

"Your application for permission at . . . . . . . . . . . . . . . . . . . . assessors plat # . . . . . . . . . . . lot . . . . . . . . . . . . . in a . . . . . . . . . . . . . . . . . . . . . district to. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . was heard by the Board of Appeals on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Board took the matter under advisement, viewed the premises and surrounding area and the Board finds: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(a) That the Board (is) (is not) empowered under the section of the ordinance described in the application to grant the special exception requested.

(b) That the granting of the special exception (will) (will not) be in harmony with the general purpose and intent of this ordinance and that the appropriate use of neighboring property (will) (will not) be unduly or permanently injured.

(c) The reasons set forth in the application (justify) (do not justify) the granting of the variance requested.

(d) The variance (is) (is not) the minimum variance that will make possible the reasonable use of the land or structure.

(e) That the granting of the variance (will) (will not) be in harmony with the general purpose and intent of this ordinance, and that the appropriate use of neighboring property (will) (will not) be unduly or permanently injured if the variance is granted.

\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*

The Board therefore votes: (to grant) (deny) the application for the (special exception) or (variance).

VOTE TO GRANT: . . . . . . . . . . . . .

VOTE TO DENY . . . . . . . . . . . . . . . . . . . . . . ."

In using the form in this case the board crossed out the words "do not justify," "is not," and "will not" in subparagraphs (c), (d), and (e), respectively, and recorded its specific findings in the spaces provided therefor in the following manner:

> "Sec. A & B not applicable. Although there are some one family houses of recent construction in the area, this location is predominantly industrial and commercial in nature."

Without question this decision does not meet the standards established in *Robinson* and since followed. It is conclusional, but not factual; it recites supposed legal principles[1] as justification for what it permits, but does not set out the supporting grounds without which there can be no justification; it utters what purport to be the preconditions to a grant of a variation, but it does not fortify them with the prerequisite findings. It suffers from the deficiency which in a similar situation prompted Chief Judge Cardoza with his customary cogency to write:

> "The Legislature has said that there shall be review by certiorari * * *. Such review becomes impossible if without supporting evidence or equivalent averment the mere conclusion of hardship is sufficient and indeed decisive. There has been confided to the Board a delicate jurisdiction and one easily abused. Upon a showing of unnecessary hardship, general rules are suspended for the benefit of individual owners, and special privileges established. Nothing is before us to justify or even suggest a doubt of the good faith and sincerity with which the power has been exercised. At the same time judicial review would be reduced to an empty

---

[1] The local legislature exceeded its authority under the enabling legislation when in sec. 13.4 of the zoning ordinance it directed the board to premise a grant of a variance upon such findings. Zoning boards derive their power to grant variances from the enabling legislation. A local legislature is without authority either to restrict or to enlarge that power. *Mello* v. *Board of Review*, 94 R. I. 43, 177 A.2d 533; *Lincourt* v. *Zoning Board of Review*, 98 R. I. 305, 201 A.2d 482.

form if the requirement were relaxed that in the return of the proceedings the hardship and its occasion must be exhibited fully and at large. Safeguards of this order have at times an aspect of triviality when our scrutiny is narrowed to one instance or another. Their value is perceived when the outlook is extended to some thing wider than particulars. Disclosure is the antidote to partiality and favor." *People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280 at 290, 155 N. E. 575, 578.

The infirmity in this decision cannot be ignored. The record of the hearing was kept by the board's secretary. Although it contains a summary of what transpired, the parties are not in agreement that it is either complete or accurate. It, like the decision, may suffer from the defect of being conclusional without being factual. It recites, for example, that one of the applicants testified that a denial of the use proposed would deprive him "* * * of all beneficial use of this property." Whether that is in substance a quotation of what the witness said; or whether it is, instead, a secretarial synthesis of the testimony, cannot be determined. Which it is might well be determinative of whether or not the board abused its discretion in granting the application.

The deficiencies in both summary and decision necessitate a return of the records to the board for supplementation of the summary, if that is possible, and for clarification of the decision by adding to it the facts and reasons upon which the conclusions are grounded.

While we have commented adversely on the board's failure to exhibit fully the factual basis for its decision, we have no intention of being unduly critical of this or any other board. We recognize that board members are without legal training or experience in decision writing. That recognition has prompted us during oral arguments in zoning cases to suggest to city and town solicitors that they offer their assistance to their respective boards in the deci-

sion-writing process. We repeat that suggestion and at the same time we advise zoning boards that it is within their prerogative to request counsel who appear before them to submit suggested findings of fact and conclusions of law. Perhaps if these suggestions are followed, the *Robinson* standards will more frequently be satisfied and the case will be infrequent where a remand to a board for clarification and completion of a decision is necessary.

The petition for certiorari is granted. The records certified to us are remanded to the respondent board with direction that it clarify and complete its decision in accordance with this opinion. It may also, if it sees fit, supplement the summary of the hearing. Jurisdiction is retained in this court to review any decision that may be subsequently entered, and it may be invoked by either party within 30 days after the filing of a new decision in the office of the board.

*William J. Burke, Jr.,* for petitioners.

*Gerald J. Pouliot,* Assistant City Solicitor, *Woolley, Blais & Quinn, Henry J. Blais, III, Matthew C. Cunningham,* for respondent.