DECISION
The appellants — Gloria DiZoglio, Angelo Palazzo, Linda Marcello, and Leda Palazzo (collectively appellants) — timely appeal a decision of defendant, City of Cranston Zoning Board of Review sitting as the Platting Board of Review (Board), which upheld a decision of the City of Cranston Planning Commission (Commission). The Commission granted preliminary plat approval for the Glenham Park subdivision to appellee, Raymond F. Colella (Colella). The appellants, pursuant to R.I.G.L. § 45-23-67 and City of Cranston Subdivision and Land Development Regulations (Regulations), Section XI, duly appealed the decision of the Commission to the Board. The Court possesses jurisdiction pursuant to R.I.G.L. § 45-23-71.
FACTS AND TRAVEL
Colella is the owner of real estate located in the City of Cranston (City) and delineated as Tax Assessor's Plat 21, Lot 29, and Plat 22, Lots 220, 228-234. Colella submitted a application for the subdivision of the real estate to the Commission and requested the Commission to approve the plan delineated as the Glenham Park Preliminary Submission, A Residential Subdivision in Cranston, Rhode Island (Glenham Park). David Nardella (Nardella) in the developer of the Glenham Park subdivision development.
On August 6, 1996, the Commission held an informational meeting with regard to Colella's application for master plan approval for Glenham Park. At this hearing, the appellants voiced concerns about the impact of the development on water drainage and water runoff to the appellants' property. In November 1997, Colella made an application for preliminary plat approval to the Commission. The Commission held a public hearing on January 6, 1998, during which Colella presented DiPrete Engineering Associates, Inc. (DiPrete), the Glenham Park engineer. DiPrete addressed the water drainage and runoff concerns enumerated in the master plan approval and voiced by appellants. The Commission voted to extend the master plan approval until August 6, 1998, and to table Colella's application for preliminary plan approval so that Colella could address these concerns and to allow appellants time to gather evidence supporting their position. On February 3, 1998, the Commission again voted to table Colella's application for preliminary plan approval in order to provide appellants with more time to gather evidence to support their concerns. On March 3, 1998, the appellants again requested the Commission to table Colella's application for preliminary plan approval in order that the appellants' engineers have more time to prepare and submit a report. The Commission voted to table the matter for one month.
The certified record inter alia also contains the following evidence. In a letter dated March 3, 1998, from Dennis DiPrete, P.E., principal of DiPrete, to Kevin Flynn (Flynn), Director of Planning and Development for the City and an Administrative Officer pursuant to the Regulations, DiPrete references a March 1997 report, prepared by DiPrete for Glenham Park, which concludes that "[f]or all the analyzed storms there is actually a reduction in runoff water to [appellants' property]." Moreover, in a letter dated April 1, 1998, Nicholas Capezza (Capezza), the Chief Engineer for the City, informed Walter McGarry, Jr. (McGarry), Chairman of the Commission, that he had received two reports from Vanassee Hangen Bruslin, Inc. (VHB), dated March 24, 1998, entitled "Review of On-Site Freshwater Wetland Resources Property of Angelo Palazzo, AP 22/4, Lot 7 Natick Road, Cranston, Rhode Island" and "Review and Evaluation of the Glenham Park Subdivision Stormwater Management Report, Site Plans and Soil Erosion and Sediment Control Plan" (VHB reports). Capezza forwarded a copy of the VHB reports to DiPrete and on March 31, 1998, Capezza received DiPrete's written response to the VHB reports. On March 31, 1998, Capezza also received an updated report from VHB. On April 2, 1998, DiPrete submitted a written response to this updated report. Capezza noted that the VHB reports did not contain the signature of the licensed engineer responsible for the reports or a certification of a registered professional engineer. However, Capezza also noted that he did not discount the reports for this reason. After a review of these reports, Capezza concluded "that no engineering evidence has been presented which should further delay this project."
During the April 13, 1998, Commission hearing, the appellants objected to Colella's application for preliminary plat approval of Glenham Park, and supported their position with the VHB reports. The appellants also argued that a more extensive wetland study of the area was necessary in order for the Commission to consider the full impact of Glenham Park on the abutting properties. The Commission also considered the recommendation of Brian Bingham, Senior Planner for the City, to grant preliminary plat approval for Glenham Park. The Commission unanimously voted to approve the preliminary plat for Glenham Park.
On May 1, 1998, the appellants timely appealed the decision of the Commission to the Board.
In the notice of appeal to the Board, the appellants asserted that the Commission decision "did not fully or adequately consider the objections of the [a]ppellants . . . and as a result . . . the [a]ppellants will suffer irreparable damage to their property; that the plan . . . has not satisfactorily addressed the issues . . . with regard to the impact of the development upon drainage and accumulation of water . . . on or about [a]ppellants' property. . . ." The record contains a document entitled Notice of Public Hearing Under Zoning Ordinance, with a hearing for the appellants' appeal scheduled for June 10, 1998.
However, there is no evidence in the record that such notice was published in a local newspaper to meet the requirements of the Regulations, Section XI B(2).
The Board held a public hearing on July 2, 1998, with regards to appellants' appeal. At this hearing, the Board heard testimony outlining the procedural and substantive aspects of appellants' appeal. Flynn testified and provided the Board with an overview of the travel and approval of the Glenham Park application for preliminary plat approval. Flynn also testified that the complete record of the Commission was provided to the Board prior to the Board's previous month's meeting and offered to make a copy of the Commission's records for each member of the Board. Upon questioning by the Board, Flynn as well as the appellants, via counsel, instructed the Board that they would have to review the entire record of the Commission concerning Glenham Park before rendering a decision on appellants' appeal. Counsel for appellants next testified and stated that the "primary basis" for appellants' appeal is that Glenham Park will have "significant negative environmental impacts" upon the appellants' property. Counsel for appellants argued that the Board must review the VHB and DiPrete reports and determine the Commission did not have sufficient evidence to find that Glenham Park will not have significant negative environmental impacts upon the appellants' property. Counsel for appellants also requested the Board to remand the matter to the Commission so that the parties could present additional evidence. Counsel for Colella next testified and argued that the Board, pursuant to R.I.G.L. § 45-23-70
and the Regulations, Section XI, must not substitute its judgment for that of the Commission but may reverse the Commission's decision only if the Board finds prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record. The Board voted to keep the hearing open and to continue the matter until August 12, 1998. On August 12, 1998, the Board voted to continue the matter until September 9, 1998 as all Board members present at the July 2nd hearing were not present at the August 12th hearing. On September 9, 1998, upon a unanimous vote, the Board issued its decision denying the appellant's appeal. On September 21, 1998, the Board filed its decision with the City Clerk.
The appellants timely filed an appeal of the Board's decision with the Court on October 13, 1998. The appellants argue that (1) the Commission did not make the requisite findings in their decision pursuant to R.I.G.L. § 45-23-60 and the Regulations, Section III (H); (2) the Commission members present on April 13, 1998 did not constitute a proper voting quorum as only two of the members present at the April 13, 1998 hearing were present at the January 6, 1998, and March 3, 1998, hearings; (3) the Board failed to consider the entire Commission record as evidenced by the transcript; (4) the record contains no evidence that the Board complied with the notice requirements of the Regulations, Section XI B(2); and (5) the Board did not state the requisite reasons for upholding the Commission in their written decision pursuant to R.I.G.L. § 45-23-70(d) and the Regulations, Section XI B(5)(d). The appellants request that the Court reverse the denial of appellants' appeal to the Board and remand the matter to the Commission.
Colella argues in opposition that (1) the Commission complied with R.I.G.L. § 45-23-60 and the Regulations, Section III (H), by adopting the findings of the Administrative Officer that Colella had met all the requirements for approval of the preliminary plat; (2) the appellants waived the Commission quorum issue as that issue was not raised on appeal to the Board and any alleged procedural error was not prejudicial as the evidence upon which the Commission based its vote was presented at the April 13, 1998, hearing; (3) the Board considered the entire record of the Commission as evidenced by the transcript and by the fact that Flynn provided such record to the Board on two separate occasions, first prior to the July 2, 1998 meeting, and second on July 3, 1998; (4) the appellants' attendance at the Board hearings evidences that they received notice of such hearings and any alleged procedural error in the publication of such notice was not prejudicial to the appellants; (5) the Boards written decision filed with the City Clerk states the Board's reasons for denying the appellants' appeal and meets the requirements of the Regulations, Section XI B(5)(d).
STANDARD OF REVIEW
With respect to appeals by an aggrieved party from a decision of a board of appeal to the Superior Court regarding the subdivision of land, R.I.G.L. § 45-23-71, provides in pertinent part that (C) The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing the decision of a board of review pursuant to this chapter, the Court "will neither weigh the evidence nor pass upon the credibility of witnesses nor substitute its findings of fact for those made at the administrative level." E. Grossman Sons, Inc. v. Rocha, 118 R.I. 276, 285, 373 A.2d 496, 501 (1977); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). The Court's judicial scrutiny of the agency's decision "is limited to a search of the record to determine if there is any competent evidence upon which the agency's decision rests" or is affected by an error of law. Id. Our Supreme Court has defined the term "reasonably competent evidence" as "any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues." Zimarino v. Zoning Board of Review of Providence, 95 R.I. 383, 386, 187 A.2d 259, 261 (1963).
 ANALYSIS
In reviewing the decision of the Board pursuant to R.I.G.L. §45-23-71, the Court may affirm the decision of the board of appeal or remand the case for further proceedings. The Board shall state in the decision whether the Board's decision is based upon the "findings and record of the Commission or Administrative Officer" pursuant to R.I.G.L. § 45-23-70(a) and Regulations, Section XI B(5)(a). The Board also shall include in the decision the requisite reasons for the Board's decision, pursuant to R.I.G.L. § 45-23-70(d) and the Regulations, Section XI B(5)(d). Accordingly, the Commission and the Board are required "to make express findings of fact and should pinpoint the specific evidence upon which they base such findings." Hopf v. Board of Review of City of Newport, 102 R.I. 275, 289230 A.2d 420, 228 (1967). Moreover, a "decision granting or denying relief which fails (1) to give the reasons and the ground or grounds upon which it is predicated and (2) to point out the evidence on which the ultimate finding or findings are based will be returned to the board for completion and clarification." Id.
After thorough review of the record and consideration of memoranda of law presented by the parties, the Court determines that this matter should be remanded to the Board for the following reasons and with the following instructions. The Court finds that the reasons stated in the decision of the Board for upholding the approval of the Commission are conclusional, reciting legal principles as justification for what it permits, rather than setting out the supporting grounds for the decision. See Coderre v. Zoning Bd. of Review of City of Pawtucket, 102 R.I. 327, 330, 230 A.2d 247, 249 (1967).
Moreover, our Supreme Court has held that "judicial review of a board's decision [is] impossible, unless the board [has] made factual determinations and applied appropriate legal principles in such a way that a judicial body might reasonably discern the manner in which the board had resolved evidentiary conflicts." Cranston Print Works Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996) (citing May-Day Realty Corp. v. Board of Appeals of Pawtucket, 107 R.I. 235, 239,267 A.2d 400, 403 (1970)). The reasons enunciated by the Board in its decision are that the Commission (1) "complied with the criteria for Preliminary Plan submission," (2) "did not commit a prejudicial error . . . and clear error," (3) "decision . . . is supported by the weight of the evidence in the record reviewed by the Board." These reasons are a boilerplate recitation of the standard of review language and lack the requisite factual and legal findings for the Court to fulfill its appellate review function.
With this in mind, the Board, in stating the reasons for the decision, should apply the standard of review, as enunciated in R.I.G.L. § 45-23-70 and Regulations, Section XI B(5), to the issues presented in the appellant's appeal and to the evidence presented as contained in the entire record of the proceedings before the Commission regarding the preliminary plat application for Glenham Park.
The Court is troubled by the statements of the Board evidencing a reluctance to review the entire record of the Commission. Additionally, the Board should apply the standard of review and determine whether the Commission, in rendering the decision and approving Colella's application for preliminary plat of Glenham Park, made the requisite positive findings to comply with the requirements enunciated in R.I.G.L. § 45-23-60 and the Regulations, Section III (H), and whether the Commission members present at the April 13, 1998 hearing constituted a proper voting quorum pursuant to the Regulations, Section III D(7).
The Court is unable to determine from the record, and the memoranda of law submitted by Colella and the Board are silent, as to whether proper and adequate notice of the appeal hearing was provided to the public. The Board is required to provide notice of hearings on appeals to the Board pursuant to the Regulations, Section XI B(2). This Court cannot "ignore the settled principles that proper and adequate notice of a zoning board hearing is a jurisdictional prerequisite, and that action taken by a board which has not first satisfied the notice requirements is a nullity." Corporation Service, Inc. v. Zoning Bd. of Review of Town of East Greenwich,114 R.I. 178, 180, 330 A.2d 402, 404 (1975) (citations omitted). The Board is further instructed on remand to determine whether it complied with the notice requirements of the Regulations.
Counsel shall submit to the Court the appropriate agreed upon order for entry in accordance herewith within ten days.