DECISION
This is an appeal from a December 12, 1996 decision of the Town of Narragansett Zoning and Platting Board of Review (the Board). In its decision, the Board denied the Greenberg's (the Appellants') application for a special use permit to enlarge, extend, structurally alter and reconstruct one unit in the existing building on property located at 151 Ocean Road. Jurisdiction in this Court is pursuant to G.L. 1956 §45-24-69.
 Facts/Travel
The subject property, identified as Assessor's Plat D, Lot 210, is located at 151 Ocean Road, Narragansett, Rhode Island. The property is situated in an. RICA Zoning District. This is a residential zoning district intended for high-density development. The existing apartment building on the subject property does not comply with the current dimensional and density requirements of the Narragansett Zoning Ordinance (Ordinance). However, because the building did comply when built in the early 1970s, it is a legal non-conforming use.
The appellants originally applied to the Board for an expansion of the building in 1991. Following a series of hearings and modifications to the proposed addition, the Board granted approval in 1994. On May 5, 1995, the Superior Court vacated the Board's decision and remanded the matter for further proceedings. The appellants submitted a new application to the Board in September 1995. After hearings on July 18, 1996 and October 10, 1996, the Board rendered an oral decision, denying the appellants' application on December 12, 1996. On July 7, 1997, the Board recorded its written decision, dated May 19, 1997, in the Narragansett Town Hall.
On March 15, 2000, the appellants filed a motion to present oral arguments in order to narrow the issues before this Court. In support of their position, the appellants argue that the Board's decision to deny appellants' application was based on aesthetic grounds and was arbitrary and capricious. The appellants also contend that they satisfied all of the conditions necessary to obtain a special use permit, and that the Board's decision based on appearance was an abuse of discretion. Lastly, the appellants maintain that the Board's written decision is invalid, and that the Doctrine of Administrative Finality supports their prayer for relief. On May 3, 2000, this Court heard oral arguments in this matter
 Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. 1956 § 45-24-69(d), which states:
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings. inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority grunted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of diseretion."
In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether "substantial' evidence exists to support the board's findings.'" Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Reviewof Warwick, 122 R.I. 241, 245, 405 A.2d 2167, 2170 (1979); Apostolou v.Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25 (1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance."Apostolou at 825. Moreover, the court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the zoning board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted)).
 Alteration of Non-Conforming Structure and Use
In the Town of Narragansett any changes to a non-conforming structure or use are governed by § 10 of the Ordinance, which reads as follows:
 ALTERATIONS TO NONCONFORMING STRUCTURES AND USES
 10.1. Special use permit required.
 The zoning board of review may grant a special use permit on the enlargement, extension, structural alteration or reconstruction of an existing building or structure which constitutes a nonconforming use following site plan review, provided the work complies with all of the following applicable development standards:
 (1) The reconstructed building does not result in an increase in the existing degree of any dimensional nonconformity; [sic]
 (2) The footprint of the building or structure is not expanded, extended, or enlarged by greater than twenty-five (25) percent of the existing building footprint as of October 11, 1989;
 (3) The exterior appearance of the reconstructed building remains substantially the same or is changed to enhance its appearance on the site and harmony with the surrounding area;
 (4) It must be demonstrated that the site can accommodate the proposed level of use. Consideration shall include but not be limited to, safety, traffic, parking, sewage disposal capacity, utilities, noise levels, odors and quality of water and air.
Accordingly, Section 10 of the Ordinance sets forth the criteria for consideration of the appellants' application for a special use permit. The Board considered these factors and voted, 4 to 1, to deny the appellants' rcqucst for a special use permit. In holding so, the Board made the following findings:
 To grant the special Use Permit would substantially and permanently injure the appropriate use of the objectors' [sic] property.
 To grant the Special Use Permit would not substantially serve the public convenience and welfare.
 The addition to the existing apartment building is incompatible and appears to be a single family house attached to a multi-family apartment building. It does nothing to promote the Victorian character of the surrounding area.
 The proposed addition to the structure will not be in harmony with the Victorian character of the surrounding area. The exterior appearance of the reconstructed building is not changed to enhance its appearance on the site in harmony with the surrounding area. Furthermore, the proposed use of the reconstructed unit is not in harmony with the general purpose and intent of the Zoning Ordinance or the Comprehensive Plan of the Town of Narragansett. (Board's Written Decision at 7.)
Contrary to appellants' assertion, the Board's findings and findings of fact clearly demonstrate that its decision to deny appellants' application was based upon more than just aesthetic considerations. In particular, the Board found that the proposed addition "appears to be a single family house attached to a multi-family apartment building," Id.
Consequently, appellants' application directly contravenes Section 7.6 of the Ordinance, which states in pertinent part: "[e]xcept for designed multistructure developments, not more than one (1) principal building shall be built or located on any single lot." This Court finds that the Board's decision was based upon substantial evidence on the record.
 Findings and Vote of the Board
Appellants argue that the Board's written decision dated May 19, 1997 should be invalidated because there is no record of a review or approval of the written decision having taken place, and because the written decision is not identical to the decision rendered orally on December 12, 1996. Appellees respond that the recorded vote of each member of the Board at the hearing, read in conjunction with the subsequent written decision, shows the Board's approval of the written decision.
On several occasions, our Supreme Court has stated that written findings of fact formulated in consultation with legal counsel is the preferred method of rendering a decision of a zoning board of review. SeeMay-Day Realty Corporation v. Board of Appeals, 107 R.I. 235, 267 A.2d 400, 402-03 (1970); see also Souza v. Zoning Board of Review of Town ofWarren, 104 R.I. 697, 248 A.2d 325, 327 (1968); Coderre v. Zoning Boardof Pawtucket, 102 R.I. 327, 230 A.2d 247, 250 (1967). These decisions clearly indicate that a zoning board is not required to make findings at the hearing stage. As a preference, our Supreme Court has looked for the inclusion of findings of fact and conclusions of law in a subsequent written decision, providing the requisite foundation for meaningful judicial review.
In this case, the Board resolved the conflicting expert testimonies by accepting the testimony of appellee's expert. The Board considered the testimonies, factual circumstances of the case and evidence, applying to it the appropriate legal standard for reviewing such a special use permit application. A remand of the instant case is not necessary since it would not serve to clarify any issues. See Roger Williams College v. Gallison,572 A.2d 61, 63 (R.I. 1990). Additionally, any delay in the Board's issuance of its written decision cannot serve as grounds for reversal or remand because the appellant has not demonstrated any prejudice from such delay. See Piccerelli v. Zoning Board of Review of Barrington,107 R.I. 221, 266 A.2d 249, 253 (1970). Furthermore, this Court finds no merit in appellant's argument under the Doctrine of Administrative Finality. "Under this doctrine, when an administrative agency receives an application for relief and denies it, a subsequent application for the same relief may not be granted absent a showing of a change in material circumstances during the time between the two applications." JohnstonAmbulatory Surgical Associates. Ltd. v. Nolan, 2000 WL 968441 (R.I. 2000) (citing Audette v. Coletti, 539 A.2d 520, 521-22 (R.I. 1988)).
 Conclusion
After review of the entire record, this Court concludes that the appellants have failed to satisfy their burden for this special use permit under the Ordinance. Accordingly, this Court finds that the Board did not abuse its discretion in denying the application. In addition, the Court finds that substantial rights of the appellants have not been prejudiced by the Board's decision. Therefore, the Board's December 12, 1998 decision is hereby upheld.