DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Middletown ("Board"), which granted Thomas Moloney and Barbara Moloney ("Applicants") a dimensional variance. Margaret L. Palmer ("Appellant") seeks reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
The lot in question is located at 221 Tuckerman Avenue in Middletown and is known as Tax Assessor's Plat 116SE, Lot 33. The property is located in an R-10 Residence District, which requires 10,000 square feet minimum lot size for single family dwellings. (Zoning Ordinance of the Town of Middletown, § 603.) The subject lot, consisting of 6400 square feet, is non-conforming. (Petition for Variance Addendum of Facts.) The property is currently used as a single-family residence, with 1483 square feet of living area. (Id.) *Page 2 
Applicants purchased the lot in April of 2006. (Hearing Tr. at 30.) In January 2008, Applicants sought a dimensional variance in order to "reconstruct" the first floor of the residence and to "add a full second story." (Petition for Variance.) Specifically, Applicants requested to increase lot coverage from 37.5% to 40.9% (25% allowed) and to reduce the front yard setback from 14' 5.5" to 10' 7.5" (25' required). Applicants' stated reason for seeking relief was "to gain needed living space" and "to take advantage of the spectacular view." (Petition for Variance Addendum of Facts.)
The Board held a properly noticed public hearing on the Applicants' petition on February 26, 2008. Appellant, although represented by counsel, did not present any witnesses to oppose the application. Conversely, several individuals at the hearing spoke in support of the proposal. John Grosvenor, Applicants' architect, whose qualifications to offer expert testimony were presented before the Board (Hearing Tr. at 4), testified regarding the extent of the anticipated renovations. (Hearing Tr. at 4-26.) In his testimony, Mr. Grosvenor outlined a plan that entailed "keeping the first floor and the foundation" of the Applicants' residence intact and "building up a second story and a roof." (Hearing Tr. at 7.) Mr. Grosvenor further testified that revisions were made to the original renovation plans in an effort to accommodate concerns voiced by some of the Applicants' neighbors. (Hearing Tr. at 9-10.)
Applicant Thomas Moloney also testified at the hearing. (Hearing Tr. at 29-40.) Mr. Moloney opined that the proposed renovations, with respect to lot coverage and structure size, were in keeping with the character of other properties in the neighborhood. (Hearing Tr. at 32-34.) Additionally, in response to questions from Appellant's counsel, Mr. Moloney acknowledged that the proposed renovations were undertaken primarily to accommodate occasional visits from members of his family. (Hearing Tr. at 34-35.) *Page 3 
At the conclusion of the hearing, the Board unanimously approved the proposed dimensional variances by a vote of 5-0. (Hearing Tr. at 57.) In April 2008, the Board issued a two-and-one-half page written decision formally granting the Applicants' petition. (Decision on the Petition of Thomas and Barbara Moloney at 3.) The Board's written decision was recorded on April 23, 2008. Appellant thereafter filed a timely appeal to this Court.
 STANDARD OF REVIEW
This Court's review of a zoning board's decision is governed by § 45-24-69(d), which provides:
 "The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, a justice of the Superior Court may not "substitute [his or her] judgment for that of the zoning board if [he or she] conscientiously find[s] *Page 4 
that the board's decision was supported by substantial evidence."Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Review of North Kingstown, 818 A.2d 685, 690
n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981)). Conclusional or insufficient evidence warrants the reversal of a zoning board's decision. Hopf v. Bd.of Review of City of Newport, 120 R.I. 275, 288-89, 230 A.2d 420, 428-29
(1967).
 DIMENSIONAL VARIANCE
The legal standards that a zoning board is required to apply when deciding to issue a dimensional variance are set forth in § 45-24-41(c) of the State Zoning Enabling Act and § 904 of the Middletown Zoning Ordinance:
 "In granting a variance, the zoning board of review shall require that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary." *Page 5 
In addition to the above requirements, § 45-24-41(d)(2) provides that zoning boards of review must require entry of evidence into the record of the proceedings establishing that "the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience."
Furthermore, the Rhode Island Supreme Court has long held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." Bernuth v. Zoning Bd.of Review of the Town of New Shoreham, 770 A.2d 396, 401 (R.I. 2001) (citing Cranston Print Works Co. v. City of Cranston, 684 A.2d 689, 691
(R.I. 1996)). Proper findings of fact and conclusions of law must expressly address the evidence in the record that speaks to each criterion enumerated in § 45-24-41(c) and (d) pursuant to the directive of the Court in Sciacca v. Caruso:
 "We take this opportunity . . . to caution zoning boards and their attorneys to make certain that zoning board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d). Such a specification of evidence in the decision will greatly aid the Superior Courts, and, if necessary, this Court, in undertaking any requested review of these decisions." Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001).
 DECISION OF THE ZONING BOARD
In the instant case, after briefly noting the subject lot's existing non-conformities and the Applicants' proposed renovations, the Board's written decision sets forth the following conclusions:
 "The petitioner's hardship is due to the unique size, location and configuration of the non-conforming lot and existing structure. It is not due to the general characteristics of the surrounding area, nor to a physical or economic disability to the petitioner. It does not result primarily from the desire of the petitioner to realize greater *Page 6 
financial gain. The granting of the requested relief will not alter the character of the surrounding area or impair the intent or purpose of the ordinance or the comprehensive plan upon which the ordinance is based." (Decision, at 2.)
Upon review of these conclusions, this Court finds that the decision fails to properly explain how the evidence in the record supports the conclusions reached by the Board.
In Coderre v. Zoning Bd. of Review of the City of Pawtucket, the Rhode Island Supreme Court described the deficiencies of an invalid board decision in the following manner:
 "[The decision] is conclusional, but not factual; it recites supposed legal principles as justification for what it permits, but does not set out the supporting grounds without which there can be no justification; it utters what purport to be the preconditions to a grant of a variation, but it does not fortify them with the prerequisite findings." Coderre, 102 R.I. 327, 331, 230 A.2d 247, 249 (1967).
The Coderre Court's comments are equally applicable to the instant case. Nothing in the Board's written decision informs this Court of the grounds upon which the Board concluded that each requirement of45-24-41(c) had been fulfilled. The closing passages of the Board's decision leave the impression that the Board placed some weight on the fact that the Applicants made an effort to address the concerns of their neighbors before proceeding with their plans. Evidence of such an effort fails to amount to an adequate substitute for the factual findings necessary to satisfy the requirements of 45-24-41(c).
Moreover, the Board's terse decision makes no effort to address the additional mandate of § 45-24-41(d)(2), requiring entry of evidence into the record establishing that "the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience." The record establishes that considerable testimony on this issue was adduced at the February 26, 2008 Board hearing. However, when a zoning board fails to state sufficient findings of fact, "the court will not search the record for supporting evidence or *Page 7 
decide for itself what is proper in the circumstances." IrishPartnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986) (citing Hooper v.Goldstein, 104 R.I. 32, 44, 241 A.2d 809, 815 (1968)).
Accordingly, this Court finds that the Board's written decision failed to make findings of fact and conclusions of law sufficient to fulfill the requirements set forth in § 45-24-41(c) and (d) of the State Zoning Enabling Act and § 904 of the Middletown Zoning Ordinance. Consequently, this matter is remanded to the Board for the preparation of a decision addressing whether the evidence in the record establishes that the Applicants have satisfied all of the preconditions that accompany issuance of a valid dimensional variance.
 CONCLUSION
In granting the Moloneys' petition for dimensional variance, the Board failed to make sufficient findings of fact. For the foregoing reasons, this case is remanded to the Board for the preparation of a decision containing further findings of fact and conclusions of law. Jurisdiction shall be retained by this Court.